## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | | |
|---|---|---|
| James Jordan, | : | **CASE NO. 1:13cv853** |
| Plaintiff, | : | |
| | : | **JUDGE DLOTT** |
| v. | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| Norfolk Southern Railway Company, | : | |
| Defendant. | : | |

### ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT

Now comes Defendant, Norfolk Southern Railway Company (hereinafter "NSRC"), and for its Answer to Plaintiff's Complaint makes the following admissions, averments and denials.

### FIRST DEFENSE

1. Denies for want of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One of the Complaint.

2. Admits the allegations contained in Paragraph Two of the Complaint.

3. Denies the allegations contained in Paragraphs Three and Four of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

4. Denies for want of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs Five, Six, Seven, Eight and

Nine of the Complaint. However, further responding, Defendant expressly denies that it, or its employees and/or agents, were negligent in any respect and/or that any such negligence, which is expressly denied, proximately caused Plaintiff's alleged injuries and damages.

5. Denies each and every allegation contained Paragraphs Ten and Eleven of the Complaint including all subparts thereto.

6. Denies the allegations contained in Paragraph Twelve of the Complaint.

7. Denies the allegations contained in Paragraphs Thirteen and Fourteen of the Complaint, including all subparts, for want of knowledge or information sufficient to form a belief as to the truth thereof.

8. Admits the allegation contained in Paragraph Fifteen of the Complaint.

9. All allegations contained in Plaintiff's Complaint not heretofore admitted are expressly denied.

## OTHER DEFENSES

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff has failed to join persons needed for the just adjudication of this matter pursuant to Civ. R. 19.

3. Plaintiff may have failed to mitigate and/or minimize his damages as required by law.

4. Plaintiff's damages, if any, were caused by the actions and/or negligence of third parties for whom the Answering Defendant bears no responsibility.

5. Plaintiff's damages, if any, were caused by the actions of persons not parties to this lawsuit.

6. Plaintiff's damages, if any, were not directly or proximately caused by the acts or omissions of the Answering Defendant.

7. Plaintiff's alleged injuries and damages were proximately caused by Plaintiff's sole or comparative negligence so as to bar or reduce proportionately any recovery by Plaintiff herein.

8. Plaintiff's causes of action are barred by Plaintiff's own negligence, implied and/or express assumption of the risk or other contributory tortious conduct.

9. No proximate causation exists between any alleged act or omission or alleged breach of duty by Defendant and any injuries, medical conditions and/or damages claimed by Plaintiff.

10. Plaintiff's alleged injuries and damages were directly and proximately caused by the efficient, intervening, superseding, and/or independent acts, omissions, negligence, breach of duty and/or warranty and/or regulation and/or conduct, wrongdoing, or failings of persons, parties or entities other than this answering Defendant, and over whom this answering Defendant had no control.

11. Plaintiff's Complaint is barred in whole or in part based on the Doctrine of Federal Preemption.

12. Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by pre-existing conditions, or other contributory or concurrent conditions or facts, including events occurring prior or subsequent to the occurrence made the basis of Plaintiff's claim against Defendant. Accordingly, Plaintiff's damages, if any, must be apportioned and this Defendant is only responsible for damages, if any, for which it is found responsible.

13. Plaintiff's Complaint may be barred by the applicable statute of limitations.

14. Plaintiff's claims may be barred by the affirmative defenses of release, estoppel and/or laches.

15. Plaintiff's damages are barred or must be reduced by the amount of collateral benefits received by Plaintiff pursuant to Ohio Revised Code, Section 2315.20.

16. The alleged condition was open and obvious so as to bar any recovery by Plaintiff herein.

17. Pursuant to <u>Robinson v. Bates</u>, as well as subsequent decisions, Plaintiff is entitled to recover only the actual amounts paid to medical providers, if any, not the amount billed by any such providers.

18. Plaintiff failed to comply with the laws, regulations and common law applicable to motor vehicle drivers when crossing railroad grade crossings including, but not limited to, Ohio Revised Code, Section 4511.62.

19. Defendant reserves the right to amend this Answer to include additional defenses, as necessary, based on the development of additional facts as discovery proceeds.

**WHEREFORE,** having fully responded to Plaintiff's Complaint, Defendant prays that said Complaint be dismissed and that it recover its costs and expenses incurred herein.

Respectfully Submitted:

*/s/ R. Leland Evans*
R. Leland Evans (0006833)
DICKIE, MCCAMEY & CHILCOTE, P.C.
2109 Stella Court
Columbus, Ohio 43215
(614) 258-6000 Telephone
(888) 811-7144 Facsimile
revans@dmclaw.com
*Attorney for Defendant*

## JURY DEMAND

Defendant demands a trial by jury on all issues raised in its Answer.

*/s/ R. Leland Evans*
R. Leland Evans (0006833)
DICKIE, MCCAMEY & CHILCOTE, P.C.

## Certificate Of Service

I hereby certify a copy of the foregoing *Answer, Affirmative Defenses, and Jury Demand of Defendant* was served using the Court's Electronic Filing System as well as by U.S. First-Class mail, postage prepaid, on this 2nd day of January, 2014 upon the following:

Mr. Kenneth R. Reed
Kenneth R. Reed, PSC
241 Elm Street
Ludlow, KY 41016

James H. Wettermark
Wettermark & Keith, LLC
210 Highland Avenue, S.
Suite 600
Birmingham, AL 35205

*Counsel for Plaintiff*

/s/ R. Leland Evans
R. Leland Evans (0006833)
Dickie, McCamey & Chilcote, P.C.